Joseph F. Posillico (JP6137)
Joshua R. Slavitt (JS4464)
Marc S. Segal (MS0238)
SYNNESTVEDT & LECHNER LLP
1101 Market Street, Suite 2600
Philadelphia, PA 19107
215-923-4466
Fax: 215-923-2189

Attorneys for Plaintiff, Richard D. Rawls

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD D. RAWLS<br>P.O. Box 1254<br>Forest, VA 07470,<br><br>Plaintiff,<br><br>v.<br><br>BUILDING MATERIALS CORPORATION<br>OF AMERICA<br>1361 Alps Rd.<br>Wayne, NJ 07470,<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br><br>COMPLAINT |

Plaintiff, Richard D. Rawls ("Rawls"), for his complaint against Defendant, Building Materials Corporation of America ("BMCA"), alleges as follows:

### THE NATURE OF THE ACTION

1. This is an action, inter alia, for trademark infringement, false advertising, and unfair competition under 15 U.S.C. Section 1051, *et seq.*, (the "Lanham Act") and under the statutory and common law of New Jersey and of each State in which BMCA has engaged in the conduct detailed below. Rawls seeks injunctive relief and money damages to redress the recent adoption and ongoing use by BMCA of Rawls' FIREOUT® trademark on certain of its fire

suppression products and in its advertising materials in violation of Rawls' rights, and punitive and/or exemplary damages as well as costs and reasonable attorney fees to the extent permitted by law for BMCA's violation of Rawls' rights.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over BMCA at least because BMCA maintains its principal place of business in the State of New Jersey and thus maintains continuous and systematic commercial contacts with New Jersey. Moreover, BMCA has purposely availed itself of the opportunity to conduct commercial activities in this forum including the sale of infringing goods as alleged herein below, and this action arises out of those activities.

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because BMCA resides in this district.

## PARTIES

5. Rawls is an adult individual residing in Forest, Virginia.

6. Upon information and belief, BMCA is a Delaware corporation having its principal place of business located at 1361 Alps Road, Wayne, New Jersey 07470.

7. Rawls has been a firefighter for over 40 years. In addition to decades of service in local fire departments, Rawls' firefighting experience includes responding to the Kuwaiti oil

field fires and the World Trade Center after 9/11, and teaching special rescue and fire classes to fire departments in cities including New York, Philadelphia, Seattle, and Portland.

8. In the early 1990s, Rawls began to explore the use of super-absorbent polymers in firefighting, and developed a composition which is particularly effective at rapidly extinguishing, suppressing, and controlling the spread of fires.

9. On May 16, 1997, Rawls filed an application with the United States Patent and Trademark Office ("USPTO") to register FIREOUT® as a trademark for fire extinguishing compositions.

10. Rawls' application was allowed, and on June 6, 2000, the USPTO placed FIREOUT® on the Principal Register under Registration No. 2,355,621 (the "Registration"). A true and correct copy of the Certificate of Registration is attached hereto, made a part hereof, and marked as Exhibit A.

11. Since at least as early as November 1999, Rawls has used the FIREOUT® trademark in connection with the sale of fire extinguishing compositions. Rawls' FIREOUT® branded products are used by state agencies, local firefighters, private companies, individual consumers, and others to successfully combat and prevent the spread of fires.

12. FIREOUT® branded products have been marketed and sold directly to state and local governments, to public and private sector members of the firefighting community, to industry, as well as to consumers through retail home stores such as Home Depot and Lowe's.

13. Rawls has spent considerable time, money and effort in promoting his FIREOUT® branded products, and Rawls continues to market his FIREOUT® branded products to state agencies, the private sector, and the firefighting community in general. Rawls' FIREOUT® trademark has come to serve as an indicator within at least the firefighting

community of a single source of origin for products which bear the Rawls' FIREOUT® brand.

14. On or about June 6, 2006, Rawls filed Declarations of Use and Incontestablility under Sections 8 and 15 of the Lanham Act with the U.S. Patent and Trademark Office in connection with his FIREOUT® trademark.

15. BMCA, doing business as GAF Materials Corporation ("GAF"), has recently begun selling a fire barrier coating product bearing the designation "FireOut." A true and correct copy of product literature for BMCA's product carrying such a designation is attached hereto, made a part hereof, and marked as Exhibit B. According to BMCA's literature, BMCA's products which bear the designation "FireOut" are designed to provide UL Class A protection (i.e., fire resistance) over combustible decks. *See* Exhibit B.

16. Upon information and belief, BMCA has advertised, promoted and sold, and continues to sell, products bearing the "FireOut" designation to building owners, construction tradesmen and professionals, and others within the State of New Jersey and elsewhere.

17. BMCA's ongoing use of a designation identical to Rawls' registered trademark on goods similar to Rawls' goods is without Rawls' consent and likely to cause confusion, to cause mistake, and to deceive as to BMCA's affiliation, connection, or association with Rawls, or as to the origin, sponsorship, or approval of BMCA's goods by Rawls.

18. BMCA's ongoing promotion and sale of its products using the "FireOut" designation is likely to lessen the capacity of Rawls' FIREOUT® trademark to identify and distinguish Rawls' products.

## COUNT I – TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

19. Rawls realleges paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Rawls is the owner of the Registration.

21. The Registration is valid and subsisting, and remains in full force and effect.

22. BMCA's past and ongoing use of the designation "FireOut" to promote, market and sell a fire barrier coating product without Rawls' consent constitutes trademark infringement under 15 U.S.C. § 1114.

23. BMCA's infringement of Rawls' FIREOUT® trademark has caused and will continue to cause damage to Rawls.

24. BMCA's infringement of Rawls' FIREOUT® trademark is causing irreparable harm to Rawls for which there is no adequate remedy at law.

25. BMCA's infringement of Rawls' FIREOUT® trademark is intentional and willful.

## COUNT II – UNFAIR COMPETITION UNDER THE LANHAM ACT

26. Rawls realleges paragraphs 1-18 and 20-25 of this Complaint as if fully set forth herein.

27. BMCA's use of the designation "FireOut" is likely to cause confusion, to cause mistake, and to deceive as to BMCA's affiliation, connection, or association with Rawls, or as to the origin, sponsorship, or approval of BMCA's goods by Rawls in that the public and others are likely to believe that BMCA's goods are provided by, sponsored by, approved by, or licensed by, and/or affiliated with or in some other way connected with Rawls.

28. BMCA's past and ongoing use of the designation "FireOut" mark to promote, market and sell a fire barrier coating product without Rawls' consent constitutes unfair

5

competition pursuant to 15 U.S.C. § 1125(a).

29. BMCA's unfair competition has caused and will continue to cause damage to Rawls.

30. BMCA's unfair competition is causing irreparable harm to Rawls for which there is no adequate remedy at law.

31. BMCA's unfair competition is intentional and willful.

## COUNT III – UNFAIR COMPETITION UNDER NEW JERSEY STATUTORY LAW

32. Rawls realleges paragraphs 1-18, 20-25, and 27-31 of this Complaint as if fully set forth herein.

33. BMCA's past and ongoing use of the designation "FireOut" to promote, market and sell a fire barrier coating product constitutes unfair competition under N.J.S.A. § 56:4-1.

34. BMCA's use of the designation "FireOut" without Rawls' consent is likely to cause confusion, to cause mistake, and to deceive as to BMCA's affiliation, connection, or association with Rawls, or as to the origin, sponsorship, or approval of BMCA's goods by Rawls in that the public and others are likely to believe that BMCA's goods are provided by, sponsored by, approved by, or licensed by, and/or affiliated with or in some other way connected with Rawls.

35. BMCA's unfair competition has caused and will continue to cause damage to Rawls.

36. BMCA's unfair competition is causing irreparable harm to Rawls for which there is no adequate remedy at law.

37. BMCA's unfair competition is intentional and willful.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

38. Rawls realleges paragraphs 1-18, 20-25, 27-31, and 33-37 of this Complaint as if fully set forth herein.

39. BMCA's use of the designation "FireOut" to promote, market and sell a fire barrier coating product constitutes unfair competition pursuant to under the common law of New Jersey.

40. BMCA's use of the designation "FireOut" is likely to cause confusion, to cause mistake, and to deceive as to BMCA's affiliation, connection, or association with Rawls, or as to the origin, sponsorship, or approval of BMCA's goods by Rawls in that the public and others are likely to believe that BMCA's goods are provided by, sponsored by, approved by, or licensed by, and/or affiliated with or in some other way connected with Rawls.

41. BMCA's unfair competition has caused and will continue to cause damage to Rawls.

42. BMCA's unfair competition is causing irreparable harm to Rawls for which there is no adequate remedy at law.

43. BMCA's unfair competition is intentional and willful.

WHEREFORE, Rawls respectfully prays that the Court:

(a) issue a preliminary and permanent injunction:

(i) restraining BMCA, its agents, servants, employees, successors and assigns, and all others in concert with them, from using FIREOUT, or any colorable variation thereof, in connection with the description, marketing, promotion, advertising, or sale of any fire-related products or services; and

7

     (ii)  directing BMCA to publish and distribute corrective advertising and promotional matter;

  (b)  order BMCA, its officers, agents, servants, employees, and all persons acting in concert with them, to surrender up for destruction all goods, labels, advertisements, brochures, promotional materials and any other materials which bear the infringing mark, or any colorable variation thereof, and the means for reproducing the same;

  (c)  order BMCA to file with this Court and to serve on Rawls, within ten (10) days of the date of the order of this Court, a report in writing under oath setting forth in detail the manner and form in which BMCA has complied with the orders of this Court;

  (d)  order BMCA to file with this Court and to serve on Rawls, within ten (10) days of the date of the order of this Court, an accounting of BMCA's profits derived as a result of its wrongful acts;

  (e)  order an award, pursuant to 15 U.S.C. § 1117(a), of:

    (i)  BMCA's profits derived as a result of its wrongful acts;

    (ii)  damages sustained by Rawls; and

    (iii)  the costs of the action;

  (f)  enter judgment for three times the greater of BMCA's profits derived as a result of its wrongful acts or damages sustained by Rawls, together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1117(b);

  (g)  order an award of punitive damages under New Jersey law and/or the law of any other state as appropriate; and

(h)  grant such other and further relief as this Honorable Court shall deem just and proper.

## JURY TRIAL DEMAND

Rawls hereby demands a trial by jury on all issues so triable.

Dated: 1/31/2007

Respectfully submitted,

Joseph F. Posillico (JP6137)
Joshua R. Slavitt (JS4464)
Marc S. Segal (MS0238)
Synnestvedt & Lechner LLP
2600 Aramark Tower
1101 Market Street
Philadelphia, PA 19107
215-923-4466
Fax: 215-923-2189

Attorneys for Plaintiff
Richard D. Rawls

S:\R\RICHARD RAWLS\G31952\Pleadings\GAF Complaint.doc

9